TRACY L. JOHNSON,

       Petitioner,

v.                                  **CIVIL ACTION NO. 2:11cv84**
                                  **(Judge Bailey)**

WARDEN KUMA J. DEBOO,

       Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 20, 2011, the *pro se* petitioner, Tracy Johnson, an inmate at FCI Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner paid the required filing fee on November 14, 2012. On December 16, 2011, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On February 2, 2012, the respondent filed his response together with a Motion to Dismiss or, alternatively, Motion for Summary Judgment. On February 6, 2012, a Roseboro Notice was issued. The petitioner filed a response on April 3, 2012.

### II. FACTS

After receiving a tip that the petitioner and another individual were selling drugs while armed with firearms, agents from the Bureau of Alcohol, Tobacco and Firearms and detectives from the Columbus, Ohio Police Department, wired an informant for a controlled buy in December of 1999. At or about 4:45 p.m. on December 21, the informant purchased .9 grams of crack cocaine from the petitioner. During the buy, the petitioner slid a nine millimeter handgun out from under the sofa where

he and his eventual co-defendant were sitting. The petitioner then slid the gun back under the sofa and pulled out a floral plate filled with crack cocaine. According to the informant, the plate contained about five or six hundred dollars worth of crack. Approximately two hours later, the informant made another controlled purchase of .8 grams of crack cocaine from the petitioner and his eventual co-defendant. During this buy, the informant saw the handgun on the floor next to the petitioner's foot. Because the gun was pointing at him, the informant asked the petitioner to turn the gun around. (Doc. 1-5, pg.6.)

On or about February 10, 2000, a multi-count indictment was filed against the petitioner and his co-defendant. The petitioner was charged in Count 1– conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846; Count 2 – distribution of cocaine base on or about December 21, 1999 at approximately 4:50 p.m. in violation of 21 U.S.C. § 841(a)(1); Count 3 – carrying or brandishing a firearm in relation to a drug-trafficking crime on or about December 21, 1999 in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii); Count 4 – distribution of cocaine base on or about December 21, 1999 at approximately 6:45 p.m. in violation of 21 U.S.C. § 841 (a)(1); and Count 5 – carrying or brandishing a firearm in relation to a drug-trafficking crime on or about December 21, 1999 in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). (Doc. 1-3.)

Following a jury trial, the petitioner was found guilty of all counts. He was subsequently sentenced to 77 months imprisonment on each of Counts 1, 2 and 4 to run concurrently; 84 months imprisonment on Count 3 to run consecutive to the sentence imposed on Counts 1, 2 and 4; and 300 months imprisonment on Count 5 to run consecutive to the sentences imposed on Counts 1, 2, 3 and 4. (Doc. 1-4.)

The petitioner and his co-defendant appealed their respective convictions and sentences arguing, among other things, that the district court erred in imposing separate and consecutive sentences for their § 924(c) violations. The defendants argued that their drug offenses were not

separate and apart occurrences but were part of a continuing course of criminal conduct. The Sixth Circuit Court of Appeals rejected this argument in finding that the record demonstrated that the 924(c) convictions were predicated on separate drug offenses and affirmed the convictions and sentences of both defendants. In its opinion, the Circuit Court noted that they have upheld multiple convictions and sentences under 924(c)(1), so long as the convictions are based on separate predicate acts. <u>United States. v. Clark</u>, 41 Fed Appx. 745, 2002 U.S. App. LEXIS 12784 (June 24, 2002) (unpublished) (citing <u>United States v. Graham</u>, 275 F.3d 490, 519-20 (6th Cir. 2001)); <u>United States v. Nabors</u>, 901 F.2d 1351, 1357-58 (6th Cir. 1999); and <u>United States v. Wright</u>, 1995 U.S. App. LEXIS 4803 (March 9, 1995) (unpublished). Thereafter, the petitioner filed a Petition for Writ of Certiorari which was subsequently denied by the U. S. Supreme Court. (Doc. 17-2, p.7.)

The petitioner then filed a motion pursuant to 28 U.S.C. § 2255 again challenging, among other things, his 300 month sentence under 924(c). <u>Id.</u> After considering the arguments of the parties, Magistrate Judge Norah McCann King issued a lengthy Order and Report and Recommendation declining to address the petitioner's 924(c) arguments as they were considered and rejected on direct appeal and recommending that the petitioner's motion be dismissed. (Doc. 17-3.) Thereafter, U.S. District Judge James L. Graham adopted the Report and Recommendation and dismissed the petitioner's motion. (Doc. 17-4.)

On October 23, 2008, pursuant to a motion under 18 U.S.C. § 3582, the petitioner's sentence on Counts 1, 2 and 4 was reduced from 77 months imprisonment to 63 months imprisonment. The consecutive terms of imprisonment for counts 3 and 5 remained in effect. (Doc. 17-5.) The petitioner filed the instant petition on October 20, 2011.

## III. **CONTENTIONS OF THE PARTIES**

The petitioner asserts that his 384 month sentence for brandishing a firearm during and in

3

relation to a drug trafficking offense is substantively illegal in light of the "anti-stacking" provision announced in <u>Abbott/Gould v. United States</u>, 131 S.Ct. 18 (2010). Moreover, the petitioner alleges that he is entitled to invoke the savings clause found in 28 U.S.C. § 2255 and utilize the provisions of 28 U.S.C. § 2241 to challenge the legality of his conviction or sentence.

In response, the respondent maintains that the petitioner's claims do not merit relief under § 2241. In addition, the respondent contends that the petitioner's sentence is not stacked.

In his reply, the petitioner again argues that he is entitled to relief pursuant to § 2241 and has demonstrated that the savings clause is applicable to his situation. The petitioner also argues again that his sentence for multiple violations of § 924(c) have resulted in a stacked term of imprisonment that runs afoul of the Supreme Court's holding in <u>Abbott</u>.

## IV. <u>STANDARD OF REVIEW</u>

### A. <u>Motion to Dismiss</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir.1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of [a] claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>id</u>. (citations omitted), to one that is "plausible on its face," <u>id</u>. at 570, rather than merely "conceivable." <u>Id</u>. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." <u>Bass v. E.I.DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir.2003) (citing <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir.2002); <u>Iodice v. United States</u>, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id</u>.

**B.  <u>Summary Judgment</u>**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. <u>Maynard v. Dixon</u>, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id</u>. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986).

## V. <u>ANALYSIS</u>

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. <u>See</u> <u>In re Jones</u>, 226 F.3d 338, 334 (4th Cir. 2000); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. <u>See</u> <u>Charles v. Chandler</u>, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. § 2255. The

petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[1]

Id. at 333-34.

In the instant case, it is clear that the petitioner cannot meet the requirements set forth in Jones, and is not entitled to invoke § 2241. As noted in the history of this case, the petitioner was convicted of the five counts for which he was charged in the indictment: (1)conspiracy to possess with

---

[1]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846; (2) distribution of cocaine base on or about December 21, 1999 at approximately 4:50 p.m. in violation of 21 U.S.C. § 841(a)(1); (3) carrying or brandishing a firearm in relation to a drug-trafficking crime on or about December 21, 1999 in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii); (4) distribution of cocaine base on or about December 21, 1999 at approximately 6:45 p.m. in violation of 21 U.S.C. § 841 (a)(1); and (5) carrying or brandishing a firearm in relation to a drug-trafficking crime on or about December 21, 1999 in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). All of these actions remain criminal acts, and therefore, the plaintiff cannot satisfy the second prong of thee-prong test announced in Jones. Moreover, the petitioner's reliance on Abbott is unavailing. The petitioner misreads its holding insomuch as he argues that it invalidates his 84 month sentence on Count three and 300 month sentence on Count five.

In Abbott, the Court was required to interpret 18 U.S.C. § 924(c) as it was reformulated in 1998. Before 1998, the statute required that violations be punished by mandatory sentences consecutive to other counts of conviction. The 1998 amendment modified this mandate by providing for maximum consecutive sentences "[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§ 924(c) itself] or any other provision of law." The defendants in Abbott had argued that the "except clause" protected them from consecutive sentences when another count of conviction provided a higher minimum sentence. The Court rejected this argument, holding that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Abbot, 131 S.Ct. at 23. Abbott does not, as the petitioner argues, prohibit consecutive mandatory sentences for two separate § 924(c) convictions. On the contrary, under Deal v. United States, 508 U.S. 129 (1993), if a defendant is convicted of multiple § 924(c) offenses in the same case, "each additional conviction is a 'second or subsequent conviction' within the plain meaning of the

statute, requiring a consecutive sentence of twenty-five years on the subsequent counts." United States v. Mongham, 356 F. App'x 831, 839 (6th Cir. 2009) (interpreting and quoting Deal, 508 U.S. at 136-37).

## VI.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss Motion, or alternatively, Motion for Summary Judgment,  (Doc. 16) be **GRANTED**, and the petitioner's § 2241 petition be **DENIED and DISMISSED.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.  The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

**DATED**: May 21, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE